UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES S. COOK,

    Plaintiff,

v.                                        Case No. 09-C-224

T. WALDERA,

    Defendant.

**MEMORANDUM AND ORDER**

Plaintiff James S. Cook, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Jackson Correctional Institution ("JCI").

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $112.79. Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

2

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Cook alleges that defendant Waldera, who is the program review coordinator at JCI, wrongfully classified him as needing sex-offender training. Cook claims that because he has not completed the training this classification has prevented him from being transferred to a work release center. Cook was convicted in 1969 and sentenced to life imprisonment following his conviction of first degree murder and armed robbery as a party to the crime arising out his involvement in the robbery of a grocery store. He was paroled in 1992, only to have his parole revoked in 1996 based upon a finding that he had engaged in a sexual relationship with a seventeen-year old female while he was, surprisingly, employed at a juvenile treatment center. *State ex rel. Cook v. Schwartz*, 223 Wis. 2d 799, 589 N.W. 2d 455 (Table), 1998 WL 893235 (Wis. Ct. App. Dec. 22, 1998) (unpublished decision).

Though Cook only mentions the Eighth Amendment as the basis for his complaint, I construe the complaint to claim that Cook's procedural due process rights have been violated by Waldera's classification of him as a sex-offender based upon his revocation offense, which has the effect of requiring his participation in the sex-offender treatment program before he can be given parole in the form of work release. To establish a procedural due process violation, a prisoner must

3

demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. *See Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).

Cook is unable to prevail on such a claim for the simple reason that a Wisconsin prisoner serving a life sentence has no liberty or property interest in either his ability to participate in a work release program or his classification status. *Grennier v. Nagle*, 73 F.3d 364, 1995 WL 767897 (7th Cir. Dec. 28, 1995) (unpublished disposition) ("*Grennier I*"), *cert. denied*, 517 U.S. 1173 (1996). *See also Pettigrew v. Raemisch*, 295 Fed. Appx. 830, 832, 2008 WL 4466795 (7th Cir. Oct. 3, 2008) (unpublished disposition) ("A Wisconsin inmate is not guaranteed parole by meeting set criteria; he must rely on the discretion of the parole board.") (*citing Grennier v. Frank* ("*Grennier II*"), 453 F.3d 442, 444 (7th Cir. 2006)); *Hinton v. Wells*, No. 06-C-0543-C, 2006 WL 3192381, *4 (W.D. Wis. Nov. 1, 2006) (no protected liberty interest for continued participation in work release program).[2]

*Grennier II* demonstrates that Cook does not have a cognizable constitutional claim. Grennier, like Cook, was a Wisconsin state prisoner serving a life sentence. Also like Cook, Grennier was classified as a sex-offender in need of sex offender treatment. Unlike Cook, Grennier's classification was based on the circumstances of his grisly crime (along with other information available to the state). Cook's classification as a sex offender, as noted above, is based on his revocation offense, but this difference is not material. *See supra* at n.2. Grennier claimed that his being labeled as a sex offender violated his right to due process as it had the effect of

---

[2]Cook also notes that his classification as a person in need of sex-offender training was not based on a conviction. This too fails to state a claim as the mere fact he is so classified does not implicate a liberty interest. *See Grennier v. Frank*, No. 05-C-81, 2005 WL 2076432, *2 (W.D. Wis. Aug. 25, 2005) ("Although the 'sex offender' tag undoubtedly carries a stigma, it is clear that merely classifying an inmate as a sex offender is insufficient to give rise to a liberty interest.").

4

stigmatizing him and hampered his ability to be paroled. The Seventh Circuit held in *Grennier II* that given Grennier's status as a lifer in the Wisconsin penal system with its discretionary parole scheme, he lacked a liberty or property interest. 453 F.3d at 444. The court also found no denial of Grennier's rights in the requirement that he complete sex-offender treatment, noting that "[p]arole officials who become more concerned with public safety-and who act on that concern by insisting that prisoners complete sex-offender treatment programs before release-do not violate the Constitution." *Id*. at 445.

The same reasoning applies to Cook's claim–as he lacks a liberty or property interest in participating in a work release program, he has no cognizable claim that his due process rights were violated as a result of the state's requirement that he complete sex-offender training before enjoying work release. Because plaintiff has failed to set forth cognizable constitutional or federal claims, the case will be dismissed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $237.21 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this 15th day of June, 2009.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge
